# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:14-CR-00229-MOC-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| DAQUAN LAMAR EVERETT, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** comes before the Court on Defendant's pro se Motion for Compassionate Release. See Doc. No. 924. Defendant requests the Court to reduce his sentence based on the COVID-19 pandemic. See id. In support, he asserts that he suffers from several health conditions that put him at increased risk while imprisoned. See id. He also notes that several of his family members suffer from health conditions and that he needs to be released to help care for his daughter. See id. Lastly, he provided the Court with several documents showing he has had no disciplinary infractions in the last six months and he has taken several education courses to better himself while imprisoned. See id. at 9. Defendant thus requests immediate release. See id.

By its terms, 18 U.S.C. § 3582(c)(1)(A)(i) authorizes criminal defendants to request compassionate release from imprisonment based on "extraordinary and compelling reasons." But before doing so, they must at least ask the Bureau of Prisons to do so on their behalf and give the Bureau thirty days to respond. See United States v. Raia, 954 F.3d 594, 595 (3d Cir. 2020). Here, Defendant has not shown that he exhausted available administrative remedies by first asking the Bureau to file a compassionate release request on his behalf. The Bureau shares this Court's "desire for a safe and healthy prison environment." Id. at 597. Given the Attorney General's directive that the Bureau "prioritize the use of [its] various statutory authorities to grant home

confinement for inmates seeking transfer in connection with the ongoing COVID-19 pandemic," the Court is confident that the Bureau will speedily resolve Defendant's compassionate release request. Id. (quoting Memorandum from Attorney Gen. to Dir., Bureau of Prisons 1 (Mar. 26, 2020)). Because Defendant has failed to exhaust administrative remedies provided by the Bureau, the Court declines to exercise any discretion it may have to modify Defendant's term of imprisonment at this time. See, e.g., United States v. Vigna, No. 16-CR-786, 2020 WL 1900495, at *6 (S.D.N.Y. Apr. 17, 2020) (declining to address the exhaustion question and requiring a defendant to file a compassionate release request with the Bureau). Defendant may refile his motion with supporting evidence[1] after exhausting available administrative remedies.

---

[1] While Defendant included evidence of his prison record, Defendant did not include evidence of his medical history, his family members' health, or his need to take care of his daughter.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's pro se Motion for Compassionate Release, Doc. No. 924, is **DENIED**.

Signed: June 3, 2020

Max O. Cogburn Jr
United States District Judge