# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:14-CR-00229-MOC-DCK

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| **DAQUAN LAMAR EVERETT,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** comes before the Court on Defendant's *pro se* Motion for Compassionate Release and Motion for Appointment of Counsel. Doc. No. 931. Defendant seeks a reduction in sentence "due to the COVID-19 pandemic." Doc. No. 924 at 1. Previously, the Court denied Defendant's motion without prejudice for failing to exhaust administrative remedies. Doc. No. 926. The Court indicated Defendant could refile his motion once he exhausted available administrative remedies. Id. at 2. Defendant has done so, and his motion is now ripe for review.

Defendant first requested compassionate release from the Bureau of Prisons on July 14, 2020. See Doc. No. 933 at 3. In his request, he indicated that he sought compassionate release based on the "inability to social distance" in prison during COVID-19 and because the "virus disproportionately affects African Americans." Doc. No. 931 at 5. The Bureau denied his request, noting he is "healthy" and is incarcerated for a crime of violence. Doc. No. 933 at 3. Before this Court, Defendant again reiterates there is "no way to social distance" in his place of imprisonment, as he resides "in an open dorm with about 150 people." Doc. No. 924 at 1. Additionally, he was "only given two mask[s] within a two-month span which [he has] to wash and reuse," he does not "have any sanitation items," and he was "not provided any gloves." Id. To support his compassionate release motion based on the COVID-19 pandemic, he next notes that several of his

family members are ill and that he has five children who need care. Id. And, because he is now qualified to serve as a nurse assistant, he has "more employment [opportunities] to provide for [his] family." Id. at 2. He also points to his efforts to rehabilitate while incarcerated, noting he has "not received any disciplinary write ups," "participated in numerous [educational] programs," and obtained "drug treatment." Doc. No. 924 at 1. Lastly, Defendant requests counsel to help him pursue compassionate release "due to the complexities of [his] case." Doc. No. 931 at 1.

By its terms, 18 U.S.C. § 3582(c)(1)(A) permits the Court to reduce a term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction" and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." As relevant here, the applicable policy statement provides that the Court "may reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the Court determines that" (1) "extraordinary and compelling reasons warrant the reduction," (2) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)," and (3) "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13; see United States v. Chambliss, 948 F.3d 691, 693 (5th Cir. 2020).

The Court has carefully reviewed the evidence submitted by Defendant in this case. And the Court applauds Defendant's efforts to improve himself while incarcerated. Even so, despite assertions that he is "medically compromised," Doc. No. 933 at 1, Defendant presents no evidence to the Court showing he suffers from underlying health conditions that place him at an increased risk due to COVID-19. The Court shares the view of the Third Circuit that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering [the Bureau]'s statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954

F.3d 594, 597 (3d Cir. 2020). Thus, Defendant's compassionate release motion is denied for failing to present an extraordinary and compelling reason warranting a reduction.

Even assuming Defendant presented an adequate basis for compassionate release, the Court nevertheless finds the balance of the § 3553(a) factors counsels against release at this time. And assistance from counsel would not change the Court's decision. The Court considered the state of the COVID-19 pandemic—both generally and within Defendant's prison—Defendant's criminal history, disciplinary record and rehabilitative efforts, and his intent to support his family upon release. Of importance, Defendant was convicted of participating in a RICO Conspiracy, where he was involved in open discussions of murdering others. See Doc. No. 452 at 11, 14. Defendant was present while two co-conspirators "put on blue latex gloves, took each round out of the murder weapon, cleaned each round off with a red bandana, and reloaded the gun." Id. at 12. About two hours later, those co-conspirators murdered two individuals at the front door of their residence. Id.; see also Doc. No. 805 at 1 (noting Defendant did not object to these facts).

Based on his participation in this RICO Conspiracy, Defendant's Guidelines Range were between 360 months and life imprisonment. See Doc. No. 805 at 1. But the Court departed below the Guidelines based on Defendant's substantial assistance, imposing a sentence of 156 months' imprisonment on January 8, 2018. See Doc. No. 793 at 1–2. Based on his participation in this violent conspiracy, the Court finds Defendant's early release would not protect the safety of the community as provided in 18 U.S.C. § 3142(g). The Court also finds early release would fail to accomplish the purposes of sentencing, namely: reflecting the seriousness of the offense, promoting respect for the law, and providing just punishment; affording adequate deterrence to criminal conduct; protecting the public from further crimes of the defendant; and avoiding unwarranted sentencing disparities. Thus, the Court declines to order compassionate release.

3

Case 3:14-cr-00229-MOC-DCK   Document 934   Filed 08/28/20   Page 3 of 4

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's *pro se* Motion for Compassionate Release and Motion for Appointment of Counsel, Doc. No. 931, are **DENIED**.

Signed: August 27, 2020

Max O. Cogburn Jr
United States District Judge